Sidney BRODY, and others named in the schedule annexed to the complaint, Plaintiffs,

v.

Thomas F. McCOY, as State Administrator and Secretary to the Administrative Board of the Judicial Conference of the State of New York, Defendant.

No. 66 Civ. 1814.

United States District Court
S. D. New York.

Oct. 21, 1966.

See also D.C., 257 F.Supp. 209.

Levien & Goffen, New York City, for plaintiffs, William Goffen, New York City, of counsel.

Lawrence N. Marcus, New York City, for defendant.

## OPINION

Before FRIENDLY, Circuit Judge, and WYATT and FRANKEL, District Judges.

FRANKEL, District Judge.

By constitutional and statutory enactments in 1962, the State of New York proceeded to unify the structure and administration of its courts. Supervision and control of the revised system were confided to an Administrative Board comprised of the Chief Judge of the Court of Appeals and the Presiding Justices of the four Departments. Judiciary Law, McKinney's Consol.Laws, c. 30, § 210. The post of State Administrator was created, its incumbent to be named by the Administrative Board, and provision was made for the appointment of assistants to this official, the defendant here. Id. § 211. The "authority and responsibility" of the Board, to be executed under its control by the Administrator, included the formulation of "effective standards and policies for general application throughout the state" to govern, *inter alia*, "[p]ersonnel practices, title structure, job definition, classification, qualifications, appointments, promotions, * * * performance rating, * * * and removal of non-judicial personnel of the unified court system." Id. § 212.

Among the pre-existing divergencies the Administrator found it necessary to correct was a difference between the classification system of Kings County

and those obtaining in New York and other Counties relating to court clerks. New York County had two grade levels, with separate competitive examinations. Kings County had a single category, "Clerk, Grade B," filled by a single examination. For reasons that are not questioned in this lawsuit, it was determined that the two-level system should be extended to Kings County. This meant that the Kings County clerks were to be reclassified as either "Court Clerk I" or "Court Clerk II," the latter being the higher category.

During the study of this problem, one suggested method of achieving the change was to place all the Kings County clerks in grade I and to give a promotional examination for grade II. A plausible ground for this solution was the finding that the single examination previously given in Kings County was comparable to the lower-level examination previously given in New York County. It was decided, however, as stated in defendant's affidavit supporting his motion for summary judgment,

> "that the most equitable method of applying the new two levels of titles would be by a formula which reflected the work done by the incumbents in the past. Therefore, the conversion formula which was adopted provided that any person who had performed 12 months of what was determined to be Court Clerk II work in the past would be classified as a Court Clerk II. In addition, the 12 months need not have been consecutively served, but could consist of interrupted periods."

When the so-called "conversion formula," employing work experience as the governing criterion, came to be applied, it produced a classification of Court Clerk II for a majority of the Kings County clerks. The twelve plaintiffs herein, along with some others who have not joined in the suit, were placed in the lower status. Their pay has not been reduced, but it appears likely that the pay of their more fortunate colleagues will in due course be higher. Plaintiffs' duties, reflecting their work experience,

will be those assigned to the lower level under the new classification scheme, the primary difference being that the Court Clerk II performs in trial parts while the Court Clerk I does not.

The plaintiffs earnestly protest that the reclassification formula is far from "the most equitable method" of achieving the required uniformity. They claim it is arbitrary, irrational, and unconstitutional, and they have brought this action to enjoin its operation unless they, like their confreres, are classified as Court Clerks II. They point out that the examination they took and the appointments they received varying numbers of years ago were designed to qualify them for the full range of clerical duties now covered by both categories I and II. The accidents of past assignment, they say, which led to their garnering experience now rated as lower, cannot fairly—or, indeed, constitutionally—justify denial of the new, higher classification.

The single member of this panel to whom the case first came denied a preliminary restraint but granted plaintiffs' application for reference to a three-judge court on August 1, 1966. Now, on the undisputed facts outlined above, both sides have moved for summary judgment. We conclude that plaintiffs' motion must be denied, and defendant's granted.

Plaintiffs initially urged as a main contention that the classification of which they complain impaired contract obligations in violation of Article I, Section 10, of the Federal Constitution. In their affidavit supporting the present motion, they announce that "this is not pressed in view of this Court's recent decision in Supreme Court Uniformed Officers v. McCoy, 260 F.Supp. 672 [September 12, 1966]." This leaves for consideration plaintiffs' claims that the lower classification they have received

(1) "constitutes invidious discrimination depriving them of due process and of the equal protection of the laws," and

(2) violates various provisions of New York's Constitution and statutes

942

which, in the view we take, need not be detailed here.

Neither point warrants extended discussion.

 As to the claim of "invidious discrimination," there is nothing here that approaches the kind of caprice or irrationality against which the Fourteenth Amendment protects. Cf. Kotch v. Board of River Port Pilot Commissioners, 330 U.S. 552, 67 S.Ct. 910, 91 L.Ed. 1093 (1947); Goesaert v. Cleary, 335 U.S. 464, 69 S.Ct. 198, 93 L.Ed. 163 (1948); Ferguson v. Skrupa, 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963). On the contrary, the test of experience as a basis for employment classification is a familiar, sensible, and prudent one. As everyone knows, the fortuities of individual biographies may cause a standard like this to work regrettable distinctions where there are no differences in the "real" merit that a higher justice than ours would single-mindedly weigh. It appears likely, in fact, that some or all of the plaintiffs here may be victims of happenstance in failing to have acquired work experience for which their talents fitted them and which would now qualify them for the higher grade. But the Fourteenth Amendment leaves broad latitude for the rough practicalities of governing. And it "does not require things which are different in fact or opinion to be treated in law as though they were the same." Tigner v. State of Texas, 310 U.S. 141, 147, 60 S.Ct. 879, 882, 84 L.Ed. 1124 (1940). It cannot be said that the classification scheme in question "has no rational relation" to a permissible objective "and therefore is beyond constitutional bounds." Williamson v. Lee Optical Co., 348 U.S. 483, 491, 75 S.Ct. 461, 466, 99 L.Ed. 563 (1955).

Concluding that plaintiffs' federal claims are not substantial, and that they should be dismissed on defendant's motion, we do not reach the state constitutional and statutory claims. It is patently appropriate for a state rather than a federal tribunal to resolve issues under the State's Constitution and statutes governing its judicial system. In any event, there is no justification for hanging such issues onto our "pendent jurisdiction" where, as here, the only federal questions are ripe for summary disposition. See McFaddin Express, Incorporated v. Adley Corporation, 346 F. 2d 424, 427 (2d Cir. 1965), cert. denied, 382 U.S. 1026, 86 S.Ct. 643, 15 L.Ed.2d 539 (1966); T. B. Harms Company v. Eliscu, 339 F.2d 823, 828–829 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965).

Plaintiffs' motion is denied. Defendant's motion is granted, and the complaint is dismissed. It is so ordered.